IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | |
| v. | Case No. 23-CR-177-JFH |
| KEVIN VANG, | |
| **Defendant.** | |

## OPINION AND ORDER

Before the Court is a Motion to Continue Jury Trial ("Motion") filed by Defendant Kevin Vang ("Defendant"). Dkt. No. 18. Defendant represents the United States of America ("Government") does not oppose the Motion. *Id.* at 1. For the reasons set forth below, the Motion is DENIED.

The Motion falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. *Id.* The statute permits a court to consider whether "the failure to grant such a continuance ... would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." *United States v. Williams*, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." *Id.* at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. *Id.* at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. *Id.* at 1273.

According to Defendant's counsel, some discovery has been received, but counsel believes there is additional discovery to be disclosed. Dkt. No. 18 at 2. Counsel requests additional time to "review such discovery, investigate the allegations, and file appropriate pre-trial motions." *Id.* The Court notes that, under the current scheduling order, the parties were to file a joint status report on the status of discovery by June 1, 2023. Dkt. No. 11. Inexplicably, the parties did not file a joint status report, nor did they request additional time in which to do so. This flagrant disregard for the Court's scheduling order is inexcusable. The purpose of the joint status report is to provide the Court with a substantive update on the status of discovery including, but not limited to, any materials yet to be produced, any materials requested but not produced, the reason any materials have not been produced, and the anticipated timing of any such production.[1] Due to the parties' failure to file a joint status report in this case, the Court does not have a realistic picture of the current status of discovery or the discovery issues that are the stated basis for Defendant's

---

[1] *See* https://www.oknd.uscourts.gov/sites/default/files/court-information/Judge%20Heil%20ND%20Criminal%20Guidelines.pdf.

2

requested continuance. Defendant has not provided the Court with sufficient basis to find that a continuance is warranted.[2]

Further, even if a joint status report had been filed, Defendant's Motion is premature, given approximately six weeks remain before the July 31, 2023 trial setting.

IT IS THEREFORE ORDERED that:

(1) the Motion to Continue Jury Trial filed at Dkt. No. 18 is DENIED.

(2) A show cause hearing is set for June 14, 2023 at 10:00 a.m. at which the parties are to be prepared to advise the Court as to the status of discovery and why they failed to comply with the scheduling order [Dkt. No. 11]. All counsel of record shall appear.

Dated this 12th day of June 2023.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

[2] The Court reminds the parties that the decision of the Supreme Court in *McGirt v. Oklahoma*, 140 S. Ct. 2452, 207 L. Ed. 2d 985 (2020) caused unprecedented caseloads and jurisdictional complexities. As Chief Justice Roberts recognized in his *McGirt* dissent, "the share of serious crimes committed by 10%–15% of the 1.8 million people in eastern Oklahoma, or of the 400,000 people in Tulsa, is no small number." 140 S.Ct. at 2501. The practical effect was a one-year increase of nearly 200% in the number of criminal cases filed in the Northern District of Oklahoma and more than 400% in the Eastern District of Oklahoma. *See* U.S. Courts, *Judiciary Supplements Judgeship Request, Prioritizes Courthouse Projects* (Sept. 28, 2021), https://www.uscourts.gov/news/2021/09/28/judiciary-supplements-judgeship-request-prioritizes-courthouse-projects. Indeed, the Supreme Court has since recognized the "significant challenge for the Federal Government and for the people of Oklahoma" in the wake of *McGirt*. *Oklahoma v. Castro-Huerta*, 142 S.Ct. 2486, 2492 (2022). And numerous federal courts have "noted *McGirt*'s tremendous impact." *United States v. Budder*, --- F. Supp. 3d ---, 2022 WL 1948762, at *7 (E.D. Okla. Apr. 29, 2022) (collecting cases). The Court's local rules and criminal scheduling orders are designed to facilitate orderly litigation amidst these circumstances. Counsel's failure to abide by these expectations impedes judicial efficiency and monopolizes limited resources.